**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK ANTHONY CUEVA, | Case No.: 1:20-cv-000407-BAM |
| Plaintiff, | **ORDER REGARDING SOCIAL SECURITY COMPLAINT** |
| v. | |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security[1], | |
| Defendant. | |

## **INTRODUCTION**

Plaintiff Mark Anthony Cueva ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Docs. 5, 7, 18.)

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

**FACTS AND PRIOR PROCEEDINGS**

Plaintiff filed an application for supplemental security income on March 31, 2016. AR 163.[3] Plaintiff alleged that he became disabled on July 15, 2015, due to psychotic disorder, major depression, and anxiety attacks. AR 59, 60. Plaintiff's application was denied initially and on reconsideration. AR 81-85. Subsequently, Plaintiff requested a hearing before an ALJ. ALJ Scot Septer held a hearing on September 19, 2018. AR 28-57. ALJ Septer issued an order denying benefits on January 3, 2019. AR 27. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1. This appeal followed.

**Hearing Testimony**

The ALJ held a hearing on September 19, 2018, in Fresno, California. Plaintiff was represented by attorney Mr. Christiansen. Ms. Paventa, an impartial vocational expert, also appeared and testified. AR 29, 50-54.

Plaintiff lives with his parents and three sisters. AR 34. Plaintiff confirmed that he is not currently employed. AR 34. Plaintiff stated that he is currently looking for employment at fast-food restaurants, for stocking positions, and at libraries. AR 35. Plaintiff also informed the ALJ he had an interview three days prior to the hearing but he was not selected for the position. AR 35. The ALJ found that there was not past work in this case. AR 35. Plaintiff confirmed that he completed twelve years of education and received his high school diploma. AR 35-36.

Plaintiff informed the ALJ that on a typical day he would "go around the house, clean or go outside to take care of the weeds." AR 37. Plaintiff mows the lawn when his parents tell him. AR 37. Plaintiff is able to care for his own hygiene but needs to be constantly reminded to do so. AR 37.

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

Plaintiff states that he sees Dr. Reddy regularly for audio hallucinations and violent behavior. AR 38. Plaintiff has violent and suicidal thoughts. AR 38. Such thoughts can be brought about by just the sight of a knife. AR 38-39.

Plaintiff has one friend with whom he plays video games regularly. AR 39. Plaintiff enjoys playing strategy games. AR 39. Plaintiff also plays video games at his cousin's home. AR 39. Plaintiff does not have a driver's license and is usually driven around by his parents. AR 40. Plaintiff also walks and rides his bike. AR 40. Plaintiff is working on obtaining a driver's license. AR 40. Plaintiff also does voluntary work for others. AR 40.

Plaintiff has been working with a vocational training company. AR 41. The vocational training company has been helping Plaintiff with interview skills. AR 41. However, Plaintiff has anxiety when interviewing and feels nervous even at the hearing. AR 42. Plaintiff stated that in addition to playing video games, he enjoys drawing. AR 43. Plaintiff even attempted a graphic design class but failed due to anxiety from being in a small room with a lot of people. AR 42.

Plaintiff speaks with Dr. Reddy regarding his anxiety. However, Dr. Reddy is not a therapist. AR 43. Plaintiff is not currently seeing a therapist. AR 43. Plaintiff is on medication and requires his parents help in taking his medication. AR 43.

Plaintiff would like a job where he can be mostly by himself like a stocking position. AR 44. Plaintiff believes he will be able to work such a job for eight hours shifts. AR 44. Plaintiff testified that though he believes he can work a stocking job he would have difficulty remembering where things go as he has memory issues. AR 44-45. Plaintiff testified that he does not have conflict with his friends or family members but does have conflicts with strangers. AR 45. He has conflicts with strangers when having conversations with them or hearing them talk in confined places. AR 45.

In response to questions from his attorney, Plaintiff testified that he has attended at least six interviews. AR 46. Plaintiff has received feedback from the interviews through the vocational training company, the feedback has included that Plaintiff was too anxious or nervous. AR 46. Plaintiff further testified that he has some side effects from his medication including aggression, violent thoughts and audio hallucinations, short temper, and irritability. AR 46. Plaintiff testified that he does feel happy sometimes but most of the time he is confused. AR 47. Plaintiff has difficulty making decisions. AR

47. His parents usually make decisions for him. AR 47. Plaintiff goes out by himself but goes to doctors' appointments with his parents. AR 47.

Plaintiff further testified that he has had a restraining order issued against him. AR 47-48. Plaintiff was accused of stalking a girl in his high school. AR 48. Plaintiff liked a girl from his high school and would follow her to the bus and at lunch. AR 48. At one point, Plaintiff followed the girl home which scared her. AR 48. Plaintiff testified that he did not know he had scared her and so went to her home a second time to talk to her. AR 48. On this second occasion, Plaintiff had an altercation with the girl's brother and mother which almost escalated to violence. AR 48. The restraining order was issued following this incident. AR 48. Finally, Plaintiff testified that he does not get along with anyone other than his family and his one friend. AR 48.

Following Plaintiff's testimony, the ALJ elicited testimony from the VE. The ALJ asked the VE hypotheticals. For all the hypotheticals, the ALJ asked the VE to consider a person of the same age, education, and vocational background as Plaintiff. AR 52. Additionally, for the first hypothetical, the ALJ asked the VE to consider an individual capable of work at all exertional levels, capable of performing jobs of non-complex nature that required the performance of no more than simple repetitive tasks, maintain occasional non-collaborative contact with coworkers and no contact with members of the general public. AR 52. The ALJ asked if such a person could perform jobs in the national economy. AR 52. The VE testified such an individual could perform jobs in the national economy including night cleaner, hand-packer, conveyer feeder. AR 52.

For the second hypothetical, the ALJ asked the VE to assume everything in hypothetical one and an individual who would be able to frequently respond appropriately to the directions and instructions of a supervisor, that the individual would occasionally not respond appropriately because of memory deficits or impulse control, would occasionally not appropriately follow instructions. AR 53. The VE testified that that such an individual would not be able to perform any competitive employment. AR 53.

For the third hypothetical, the ALJ asked the VE to assume everything in hypothetical one and that the individual would require a supervisor to check on him regularly on an hourly basis to check

progress and ensure they remain on task. AR 53-54. The VE testified that such an individual would not be able to perform any competitive employment. AR 54.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 15-23. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 31, 2016. AR 17. The ALJ identified depression, schizophrenia, and borderline intellectual functioning as severe impairments. AR 17. The ALJ determined that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments. AR 17.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform jobs of a noncomplex nature requiring the performance of no more than simple repetitive tasks, and he is capable of maintaining occasional, non-collaborative contact with coworkers. Additionally, Plaintiff should have no contact with members of the general public. AR 18-21. The ALJ found no past relevant work. AR 21. The ALJ therefore concluded that Plaintiff had not been under a disability from March 31, 2016, through the date of the decision. AR 23.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be

considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## **REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[4]

Plaintiff contends that the ALJ erred by failing to include limitations opined by Dr. Stafford, a consultative examiner, in the RFC despite according the opinion weight, and failing to offer any reason for rejecting her opined limitations. Plaintiff also contends that the ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations and failed to offer clear and convincing reasons for discounting his subjective complaints.

///

///

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

**A.     The ALJ Did Not Err in Evaluating the Opinion of Dr. Megan Stafford**

Plaintiff first argues that the ALJ erred in evaluating the opinion of consultative psychological examiner, Megan Stafford Psy.D. by rejecting opined limitations without setting forth specific, legitimate reasons.

Cases in this circuit identify three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). As a general rule, more weight should be given to the opinion of a treating source than to the opinions of doctors who do not treat the claimant. *Id.* Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Id.* If the treating physician's opinion is contradicted by another doctor, the Commissioner must provide "specific and legitimate" reasons supported by substantial evidence in the record to reject this opinion. *Id.*

As with a treating physician, the Commissioner also must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Lester*, 81 F.3d at 830. If contradicted, the opinion of an examining physician can only be rejected for "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* at 830-31. The opinion of a non-examining physician alone is not substantial evidence that justifies the rejection of the opinion of either a treating or examining physician. *Id.* at 831.

On August 27, 2018, Dr. Stafford completed a consultative psychological evaluation. Plaintiff complained of major depression, schizophrenia, anxiety, anger problems, and learning disability. AR 344. Plaintiff reported having symptoms of depression beginning in middle school, symptoms of schizophrenia and anxiety since high school. AR 344. Plaintiff reported being able to adequately handle some responsibilities of daily living including hygiene and grooming, household duties, and keeping appointments without prompting and reminders, can prepare basic meals, has one friend, and poor interpersonal skills. AR 345.

On mental status examination, Plaintiff was cooperative and polite, and his eye contact was within normal limits. Plaintiff's thought process was grossly logical, organized, and coherent.

Plaintiff's thoughts contained paranoid delusions and he reported auditory and visual hallucinations. Plaintiff appeared internally preoccupied. Plaintiff's mood was euthymic, and his affect was restricted, though Plaintiff reported to be depressed. Plaintiff had memory deficits in auditory and delayed memory. AR 346. Plaintiff was able to follow a three-step command, and Plaintiff displayed poor insight and judgment. AR 346. Dr. Stafford diagnosed Plaintiff with schizophrenia vs. bipolar disorder with psychotic features, bipolar disorder vs. major depressive disorder, recurrent, unspecified, and borderline intellectual functioning. AR 348. Dr. Stafford opined that Plaintiff was in the borderline intellectual functioning range and had impaired memory function related to auditory and delayed memory. AR 348. Dr. Stafford also opined that Plaintiff does not have the capacity to manage supplemental funds, can perform simple and repetitive tasks unimpaired, can perform detailed and complex tasks with moderate impairment due to deficits in auditory and delayed memory and sustained attention. AR 348. Dr. Stafford further opined that Plaintiff's ability to accept instructions from supervisors was moderately impaired due to paranoid delusions, his ability to interact with co-workers, supervisors, and the public was moderately impaired due to symptoms of psychosis, paranoid delusion, poor interpersonal skills, and mood lability. AR 348-49. Additionally, Dr. Stafford opined Plaintiff's ability to perform work activities on a consistent basis without special or additional instructions was mildly impaired, his ability to complete a normal workday/workweek without interruptions from a psychiatric condition was moderately impaired due to his symptoms of psychosis, mood lability, poor insight and judgment, and low frustration tolerance, and his ability to deal with the usual stress encountered in the workplace was moderately impaired due to low frustration tolerance, paranoid delusions, limited coping skills, and mood lability. AR 349-350.

  The ALJ assigned "some weight" to Dr. Stafford's opinion at step two of the sequential evaluation. AR 21. In evaluating the opinion, the ALJ determined that the findings were consistent with the state agency consultative opinions and the diagnoses and impairments were consistent with the remainder of the records. AR 21. Plaintiff asserts that the ALJ did not provide specific and legitimate reasons for failing to adopt Dr. Stafford's opined limitations.

An ALJ may meet the burden of identifying specific and legitimate reasons for discounting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir.1986)) (superseded by statute on other grounds). When rejecting a medical opinion, the adjudicator is not required to recite specific words. *Magallanes*, 881 F.2d at 755 (reasoning that an incantation of magic words to reject physician's opinion is not required). The Ninth Circuit has held that a reviewing court can properly read the adjudicator's summary of the evidence and findings and draw specific and legitimate inferences therefrom. *Id.* ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion.")

The ALJ met the standard identified in *Magallanes*. The Court is able to adequately determine the basis for the ALJ's decision and finds that the particular format that the ALJ utilized when determining the RFC does not constitute reversible error. The ALJ set out a summary of the facts and evidence in support of his findings. Though the ALJ did not specifically identify what portions of Dr. Stafford's opinion he included in the RFC, the format used to analyze the facts and evidence was sufficient.

Plaintiff apparently faults the ALJ for assigning some weight to the opinion of Dr. Stafford, but fails to identify the specific aspects of the opinion that the ALJ failed to include in the RFC. Despite Plaintiff's claim, an ALJ need not accept everything a physician sets forth, and may accept all, some or none of the physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 753-55 (9th Cir. 1989).

Plaintiff also faults the ALJ for providing limited analysis as it pertains to Dr. Stafford's opinion. An ALJ need not recite any magic words to reject a physician's opinion where the record reveals specific, legitimate inferences that may be drawn from the ALJ's opinion justifying the decision not to adopt a physician's opinion. *Magallanes*, 881 F.2d at 755 (incantation of magic words to reject physician's opinion not required); *Pacheco v. Astrue*, 2011 WL 148321, at *8 (E.D. Cal. Jan. 18, 2011).

In the paragraph discussing Dr. Stafford's findings, the ALJ found that the opinion was overall consistent with the other opinions in the record. Further, the limitations set forth in the RFC are consistent with Dr. Stafford's opinion. The RFC limits Plaintiff to perform jobs of a non-complex nature

with no more than simple repetitive task, occasional non-collaborative contact with co-workers, and no contact with the general public. Dr. Stafford similarly opined that Plaintiff could perform simple and repetitive tasks unimpaired, can perform detailed and complex tasks with moderate impairment due to deficits in auditory and delayed memory and sustained attention. AR 348. Furthermore, the RFC limits Plaintiff to non-collaborative contact with co-workers and no contact with members of the general public. AR 18. Dr. Stafford similarly opined that Plaintiff's ability to accept instructions from supervisors was moderately impaired due to paranoid delusions, and his ability to interact with co-workers, supervisors, and the public was also moderately impaired due to symptoms of psychosis, paranoid delusion, poor interpersonal skills, and mood lability. AR 348-49.

Though the ALJ did not incorporate the entirety of Dr. Stafford's opined limitations, the ALJ did incorporate some of Dr. Stafford's limitations in the RFC. Again, an ALJ need not accept everything a physician sets forth, and may accept all, some or none of the physician's opinion. *Magallanes*, 881 F.2d at 753-55. Further, the ALJ did not specifically reject any aspect of Dr. Stafford's opinion, even if not all of the opinion was included in the RFC. Instead, the ALJ found that the opinion was overall consistent with the record. AR 21.

For these reasons, the Court finds that the ALJ did not reject Dr. Stafford's opinion and therefore did not err in evaluating Dr. Stafford's opinion.

**B. Subjective Complaints**

Plaintiff contends that the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony. In deciding whether to admit a claimant's subjective complaints, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 19. The ALJ also found that Plaintiff's statements about the intensity, persistence, and limiting effects of his or her symptoms were inconsistent because the record reveals generally mild or moderate depression. AR 19. The ALJ was therefore required to provide specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.

Plaintiff argues that the ALJ erred in evaluating his testimony by failing to meet the specificity requirements explained in *Brown–Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015). (Doc. No. 15 at 18-19.) In *Brown–Hunter*, the Ninth Circuit reiterated its holding that an ALJ errs "by making only a single general statement that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment, without identifying sufficiently specific reasons for rejecting the testimony, supported by evidence in the case record." 806 F.3d at 493 (citation and quotation marks omitted). There, the ALJ "stated only that she found, based on unspecified claimant testimony and a summary of medical evidence, that 'the functional limitations from the claimant's impairments were less serious than she has alleged.'" *Id*. The Ninth Circuit found the ALJ's analysis erroneous and concluded that any such error was not harmless as it could not "discern the agency's path because the ALJ made only a general credibility finding without providing any reviewable reasons why she found [the claimant's] testimony to be not credible." *Id.* at 494. The failure to identify which testimony the ALJ found not credible and which evidence contradicted that testimony fell short of meeting the ALJ's responsibility to provide the reason or reasons upon which her adverse determination was based. *Id.* at 494-95 (citation omitted).

The Court finds this case distinguishable from *Brown–Hunter*. Here, the ALJ summarized portions of Plaintiff's subjective testimony regarding the persistence, intensity, frequency, and limiting effects of his pain. AR 19-20. Specifically, the ALJ summarized that the record supports mild depressive symptoms, being controlled through medication. AR 19. The ALJ also considered Plaintiff's assertion that he has a friend with whom he plays video games, which evidences some level of social functioning and the ability to persist with technological equipment, his ability to perform his own personal care, household chores, and yard work with prompting from family, and his involvement

11

in a job program and participation in job interviews. AR 19. Where Plaintiff testified that he has been looking for a job, is able to clean the house and do yard work on his own with prompting, is able to care for his own personal hygiene, engages socially with a friend and they play video games together, believes he is able to work an eight-hour workday, occasionally feels happy, but mostly confused, and was not currently seeing a therapist. AR 37-47. Additionally, the ALJ considered evidence on the record and found generally that Plaintiff's depressive symptoms were mild. AR 19-20.

*Brown–Hunter* also is distinguishable because, as discussed below, the Court is able to "reasonably discern" the ALJ's path. *See*, *e.g.*, *Green v. Saul*, No. 1:19-cv-00058-BAM, 2020 WL 1227895, at *10 (E.D. Cal. Mar. 13, 2020), (distinguishing *Brown-Hunter* and noting that while the ALJ's opinion could have been more clearly stated, the court was able to reasonably discern the ALJ's path for the purpose of review), report and recommendation adopted, No. 1:19-cv-00058-NONE-BAM, 2020 WL 3496998 (E.D. Cal. June 29, 2020); *Hoefer v. Berryhill*, No. 1:17-cv-01695-BAM, 2019 WL 1283932, at *5, n. 5 (E.D Cal. Mar. 20, 2019) (same). The Court finds that the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's subjective complaints. First, the ALJ considered that Plaintiff's statements were not entirely consistent with the medical record. AR 19. Although lack of supporting medical evidence cannot form the sole basis for discounting testimony, it is a factor that the ALJ can consider. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). As mentioned, the ALJ found that the record supported mild to moderate depression, which was inconsistent with Plaintiff's testimony. AR 19. Plaintiff testified that he has violent and suicidal thoughts, has conflicts with strangers, was short tempered and irritable, and does not get along with anyone outside of his family. AR 38-48. The ALJ observed in the medical evidence that Plaintiff presented to a provider in August 2015 and reported doing well on medication, returned to a provider in March 2016 when a mental status exam was conducted that showed only moderate depressive symptoms; in April 2016, Plaintiff reported his depression was mild; in June 2016, Plaintiff reported medication was helping with his depression; and in June 2018, Plaintiff reported only mild depressive symptoms, AR 19, 20, 258-59, 261, 265, 272, and 337. The ALJ analyzed both the medical evidence and the other evidence on the record and determined that Plaintiff's subjective complaints

were inconsistent with that evidence. Therefore, the ALJ did not err in evaluating Plaintiff's subjective complaints.

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Kilolo Kijakazi, Commissioner of Social Security, and against Plaintiff Mark Anthony Cueva.

IT IS SO ORDERED.

Dated:   **September 15, 2021**          /s/ *Barbara A. McAuliffe*          _
UNITED STATES MAGISTRATE JUDGE